# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO B. AGUIRRE, | 1:07-cv-01702-AWI-SMS-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JAMES D. HARTLEY, Warden, | [Doc. 1] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]

### RELEVANT BACKGROUND

On March 24, 2006, in the Kings County Superior Court, Petitioner pled guilty to possession of methamphetamine for sale (California Health & Safety Code § 11378). Petitioner also admitted having suffered prior convictions pursuant to California Health and Safety Code § 11370.2(c), and having served a prior prison term. Cal. Penal Code § 667.5(b).

On May 2, 2006, Petitioner was sentenced to state prison for a term of twelve years computed as follows: the mid-term of two years for his uncontested violation of California Health and Safety Code § 11378, a nine-year enhancement for prior convictions pursuant to

---

[1] Respondent submits that the current warden of Avenal State Prison is James D. Hartley; therefore, Warden Hartley is substituted as respondent in this case pursuant to Federal Rules of Civil Procedure 25(d).

1

1  California Health and Safety Code § 11370.2(c), and a one-year enhancement for having served a
2  prior prison term pursuant to California Penal Code § 667.5(b).  (Lodged Doc. No. 1.)
3       Petitioner did not file a direct appeal from the judgment to the California Court of
4  Appeal.
5       However, on April 23, 2007, Petitioner filed a petition for writ of habeas corpus in the
6  Kings County Superior Court, which was denied on June 11, 2007.  (Lodged Doc. Nos. 3, 4.)
7       On August 17, 2007, Petitioner filed a petition for writ of habeas corpus with the
8  California Court of Appeal, Fifth Appellate District, which was denied on August 23, 2007.
9  (Lodged Doc. Nos. 5, 6.)
10      On September 4, 2007, Petitioner filed a petition for review in the California Supreme
11 Court, which was likewise denied on October 10, 2007.  (Lodged Doc. Nos. 7, 8.)
12      Petitioner filed the instant federal petition for writ of habeas corpus on November 26,
13 2007.  (Court Doc. 1.)  Respondent filed an answer to the petition on April 3, 2008, and
14 Petitioner filed a traverse on April 23, 2008.  (Court Docs. 7, 10.)

## STATEMENT OF FACTS

16     The factual circumstances underlying Petitioner's commitment offense are not contained
17 in the record as he plead no contest and are not relevant to the disposition of the instant petition.

## DISCUSSION

19 A.    Jurisdiction
20     Relief by way of a petition for writ of habeas corpus extends to a person in custody
21 pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws
22 or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,
23 529 U.S. 362, 375, 120 S.Ct. 1495, 1504, n.7 (2000).  Petitioner asserts that he suffered
24 violations of his rights as guaranteed by the U.S. Constitution.  The challenged conviction arises
25 out of the Kings County Superior Court, which is located within the jurisdiction of this Court.
26 28 U.S.C. § 2254(a); 2241(d).
27      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act
28 of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its

enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997; Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

B.    Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000). Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade,123 S.Ct.1166 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Lockyer, at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, Barefoot v. Estelle, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); Harris v. Nelson, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. Brecht

1 v. Abrahamson, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765, 115 S.Ct. 1769 (1995); Thompson v. Keohane, 516 U.S. 99, 116 S.Ct. 457 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.      Trial Court's Imposition of Alleged Illegal Enhancement

Petitioner contends that the United States Supreme Court's decision in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856 (2007), prevents the trial court from "stacking enhancements" and imposing an enhancement or aggregating the term based on a prior conviction.  To this end, Petitioner contends that the enhancement was not brought to his attention until the plea agreement was reached, and he admitted the prior convictions while uninformed about the possible sentence to be imposed.

As previously stated herein, Petitioner pled guilty to possession of methamphetamine for sale, and received the mid-term sentence of two years.  Cal. Health & Safety Code § 11378.  He received a nine-year consecutive enhancement pursuant to California Health and Safety Code § 11370.2(c),[2] for three different charges of violating California Health and Safety Code § 11379, in Kings County Superior Court, Case No. 00CM1819, on August 8, 2000.  Petitioner also received a one-year consecutive enhancement for having served a prior prison term.

In Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), the Supreme Court held that the middle term in California's determinate sentencing law is the relevant statutory maximum and the imposition of the upper sentence violated the defendant's Sixth and Fourteenth Amendment right to a jury trial because it "assigns to the trial judge, not the jury, authority to find facts that expose a defendant to an elevated 'upper term' sentence."  Id. at 860, 868.

---

[2] Section 11370.2(c) provides that any person convicted of a violation of California Health and Safety Code §§ 11378 or 11379 with respect to any controlled substance "shall receive, in addition to any other punishment authorized by law, including Section 667.5 of the Penal Code, a full separate, and consecutive three-year term for each prior felony conviction" of the enumerated offenses.

Petitioner raised the instant claim to the Kings County Superior Court, California Court of Appeal, Fifth Appellate District, and the California Supreme Court. Because the California Supreme Court's opinion is summary in nature, however, this Court "looks through" that decision and presumes it adopted the reasoning of the Kings County Superior Court, the last state court to have issued a reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 804-05 & n. 3, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991) (establishing, on habeas review, "look through" presumption that higher court agrees with lower court's reasoning where former affirms latter without discussion); see also LaJoie v. Thompson, 217 F.3d 663, 669 n. 7 (9th Cir.2000) (holding federal courts look to last reasoned state court opinion in determining whether state court's rejection of petitioner's claims was contrary to or an unreasonable application of federal law under § 2254(d)(1)).

In denying the state petition for writ of habeas corpus, the Kings County Superior Court held:

> The record from the Criminal Case reflects that, as part of his negotiated plea, Petitioner admitted being convicted in August 2000 of three different charges of violating California Health and Safety Code Section 11379 in Kings County Superior Court Case No. 00CM1819. (Entry of Plea Transcript, filed April 10, 2006, 10:1-12.) In addition, Petitioner admitted to having served a term in state prison for the offenses for which he was convicted in Case No. 11379, and that during the period of five years subsequent to the conclusion of the term imposed in Case No. 00CM1819, did commit an offense resulting in a felony conviction and prison custody. (Entry of Plea Transcript, 10:13-23.)
>
> In *Cunningham*, the Supreme Court held that statutory enhancements must be charged in the indictment, and the underlying facts must be proven to the jury beyond a reasonable doubt. (*Id*. at 863.) However, in this case, Petitioner admitted the relevant facts and/or prior convictions upon which the subject enhancements were based. Petitioner made such admissions fully informed about the possible sentence to be imposed by the Court, and with an express understanding of his right to have a jury decide all allegations set forth within the Amended Information filed on March 8, 2006. (Entry of Plea Transcript, 3:5-16-23, 5:13-6:6:4.) Based upon the foregoing, this Court finds that habeas relief is not warranted.

(Lodged Doc. No. 4, Opinion, at 1-2.)

The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. As stated by the superior court, at his change of plea hearing, Petitioner was fully advised of his potential sentence based on plea to

the commitment offense and enhancements based on prior convictions. Specifically, the trial court advised as follows:

> I need to advise you of the possible maximum consequences of the plea. If you admit - - by pleading guilty to violating Health and Safety Code 11378 as you're charged with in Count 1, that would subject you to a possible term of incarceration in state prison, a minimum term would be sixteen months, the presumptive term is two years, and the upper term or the aggravated term is three years. So the maximum term that you could receive would be three years in that case, minimum would be sixteen months.
>
> In addition to that, by reason of the other allegations that are set forth in the Information, prior drug-related convictions and prior prison term, additional and consecutive terms of incarceration are required. For each of the prior drug offenses three years is imposed, so it would be on top of the prison term which could be three years, there would be an additional three years for each of the three drug offenses for a total of nine additional years, and one additional year for the prior term of incarceration to state prison. Added together the total maximum would be 13 years then.

(Lodge Doc. No. 2, Entry of Plea, dated March 24, 2006, RT 2-3.)

Petitioner, who was represented by counsel, acknowledged that he understood the sentencing consequences based on his plea, and he freely gave up all of those rights. (See RT 4-7.) In addition, Petitioner acknowledged that he had enough time to talk with his attorney and nobody had made any promises or threats in exchange for his plea.[3] (Id. at 7-8.) Moreover, Petitioner's counsel concurred with all of his waivers and consented to his change of plea. (Id. at 8.) Accordingly, any claim by Petitioner that he was not fully apprised of the potential sentence exposure based on the admission of his prior convictions is simply unfounded.

In this instance, Cunningham is inapplicable because Petitioner's sentence was enhanced based on his *admission* to his *prior convictions*. The Supreme Court has made clear that a trial court may determine the fact of a prior conviction to enhance a defendant's sentence. See Apprendi v. New Jersey, 530 U.S. 466, 490; see also Cunningham v. California, 127 S.Ct. at 860, 868; Butler v. Curry, 528 F.3d 624, 643 (9th Cir. June 9, 2008) (recognizing that the Supreme

---

[3] In determining whether a plea was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong presumption of verity to the declarations made by a defendant in open court. Blackledge v. Allison, 431 U.S. 63, 74 (1977). "[R]epresentations [made by] the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74.

6

1  Court has not overruled the exception for prior conviction that increase a sentence beyond the
2  statutory maximum).  <u>Cunningham</u>, in no way, altered the judge's ability to impose an
3  enhancement based on the admission of prior convictions.  As such, the sentence imposed by the
4  trial court was not contrary to, or an unreasonable application of, clearly established Supreme
5  Court precedent, nor was it based upon an unreasonable determination of the facts in light of the
6  evidence presented.  28 U.S.C. § 2254(d)(1), (2).

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   September 5, 2008**           /s/ Sandra M. Snyder
                                         UNITED STATES MAGISTRATE JUDGE